WEBB, JUDGE:
The claimants brought this action for lost wages resulting from a two-vehicle accident in a tunnel maintained by the respondent in Kanawha County. The claimants allege that the respondent was negligent in that a traffic light for the tunnel malfunctioned and gave an improper signal.
The incident giving rise to this claim occurred on August 1, 1993, at approximately 4:10 a.m. The claimants were proceeding on Route 6/06 (Dogwood Road) near St. Albans in a 1986 Pontiac Fiero when they entered a tunnel referred to as the St. Albans tunnel. The tunnel is a converted railroad tunnel. It is 16 feet wide, approximately one-tenth of a mile long, and slightly curved so that there is not a clear line of sight from one end to the other. There are traffic lights on both ends of the tunnel. Roger Keefer was driving. The speed limit was 25 miles per hour.
The evidence adduced at hearing was that approximately half way through the tunnel, the claimants’ vehicle was struck head-on by a 1988 Ford Mustang driven by a juvenile. Two other juveniles were also in the second vehicle. The police report admitted into evidence indicated that both drivers stated that they had green lights. Claimant Deborah Keefer sustained severe injuries to her neck and back. In a parallel proceeding, the Circuit Court of Kanawha County settled the *76 claimants’ medical bills. The instant claim is for lost wages in the amount of $13,340.00.
The claimants’ evidence established that at sometime prior to August 10, 1993, a malfunction occurred with the traffic light system which would permit two drivers to simultaneously enter the tunnel from opposite ends. The traffic light system has four phases: a green light for traffic on the south end, an all-red signal to clear the traffic from the tunnel, a green light on the north end, and then another all-red clearance. A memorandum from the respondent’s Traffic Engineering Division established that the all-red clearance malfunctioned, thereby allowing traffic to enter on a green light from one end when another vehicle might still be in the tunnel.
The malfunction was reported on August 10, 1993, however the evidence does not establish whether this particular malfunction occurred on the date of the accident. Deborah Keefer testified that similar light malfunctions had apparently occurred previously because she had encountered oncoming vehicles in the tunnel on prior occasions.
The respondent’s position was that this type of light malfunction was practically unheard of and that the respondent had no notice of the hazard. The signal light was programmed to trigger a flashing red in the event of conflicting simultaneous green lights. However, there was apparently no method in place to pick up a malfunction involving the all-red clearance phase. The evidence indicated that approximately two days prior to the accident, the respondent’s employees were performing clearing and maintenance work in the tunnel and no signal malfunctions were noticed at that time. The respondent’s testimony further indicated that the most likely cause of the light malfunction was a lightning strike or vandalism.
The claimants’ total medical bills were in the approximate amount of $21,000.00. The claimants settled their claim in the Circuit Court of Kanawha County for $12,500.00, which sum was distributed among the claimants’ various medical providers. The claimants introduced evidence establishing that Roger Keefer’s gross lost wages were in the amount of $1,100.00, and that Deborah Keefer’s gross lost wages were in the amount of $12,240.00.
It is well established that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads, and that in order to hold the respondent liable for road hazards the claimant must establish actual or constructive notice of the defect and a reasonable opportunity to take remedial action. Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986), Jones vs. Dept. of Highways, 16 Ct. Cl. 36 (1985), Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985). The Court is of the opinion that there is insufficient evidence of negligence on the part of the respondent upon which to justify an award. While sympathetic to the claimants’ position, without evidence that the respondent had prior notice of the signal malfunction, the Court is constrained by the evidence to deny the award.
Therefore, in view of the foregoing, the Court does hereby deny the claim.
Claim disallowed.